SLR:LDM:BGK
F. #2017R00410

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

NICHOLAS FESTA,

          Defendant.

- - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 28 2018 ★
BROOKLYN OFFICE

PRELIMINARY ORDER OF FORFEITURE

17-CR-155 (S-1) (DLI)

        WHEREAS, on or about March 8, 2018, NICHOLAS FESTA (the "defendant"), entered a plea of guilty to Count One of the above-captioned Superseding Indictment charging a violation of 18 U.S.C. § 1962(d) and, admitted as racketeering acts his participation in extortionate extension and collection of credit as to John Doe #4 (as alleged in Racketeering Act Nineteen) and extortionate extension and collection of credit as to John Doe #13 (as alleged in Rackeeteering Act Twenty-Three); and

        WHEREAS, pursuant to 18 U.S.C. § 1963(a), the defendant has consented to the entry of a forfeiture money judgment in the amount of five hundred thousand dollars and no cents ($500,000.00) (the "Forfeiture Money Judgment"), which represents monies that the defendant received in financing, extending and collecting extortionate debt, as: (a) any interest that the defendant acquired or maintained in violation of 18 U.S.C. § 1962; (b) any property that the defendant has any interest in, security of, claims against, or property or contractual rights of any kind affording a source of influence over the enterprise that the defendant established, operated, controlled, conducted and participated in the conduct of, in

violation of 18 U.S.C. § 1962; (c) any property that constitutes, or is derived from, any proceeds which the defendant obtained, directly or indirectly, from his racketeering activity, in violation of 18 U.S.C. § 1962; and/or (d) substistute assets in accordance with the provisions of 18 U.S.C. § 1963(m).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 1963(a) and 1963(m).

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to "United States Marshals Service" with the criminal docket number noted on the face of the check. The defendant shall cause said check(s) to be delivered by overnight delivery to Assistant United States Attorney Brendan G. King United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

3. The Forfeiture Money Judgment shall be paid as follows: (a) the defendant shall pay the sum of one hundred forty thousand dollars and zero cents ($140,000.00) towards the Forfeiture Money Judgment on or before the date of the defendant's sentencing (the "Initial Due Date"); and (b) the balance of the Forfeiture Money Judgment in the sum of three hundred and sixty thousand dollars ($360,000.00), shall be paid in monthly installments of one thousand dollars and zero cents ($1,000.00) commencing on the first day of the sixth (6) month following the defendant's release from incarceration (the

"Final Due Date"), and on the first of each month thereafter until the Forfeiture Money Judgment is fully satisfied.

      4.     Upon entry of this Preliminary Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

      5.     The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 18 U.S.C. § 1963(m).

      6.     The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, the statute of

limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due and shall survive bankruptcy.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: Brooklyn, New York
March 27, 2018

SO ORDERED: *U.S. v. Nicholas Festa, 17CR155 (S-1) (DLI)*

/s/ Dora L. Irizarry
_____
HONORABLE DORA L. IRIZARRY
CHIEF UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK