**USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.**

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 25 2022 ★
BROOKLYN OFFICE

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States of America | 17-CR-155 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Nicholas Festa | Order of Forfeiture |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
225 Cadman Plaza, Brooklyn, New York 11201

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

BREON PEACE, United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Attn: Samuel Williams, Record Examiner

| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

**SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE** *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Please execute as directed by Order of Forfeiture and deposit check no. 9820428232 in the amount of $1,000.00 into the Asset Forfeiture Fund pending further instructions.
(22-FBI-004572) Total $1,000.00

Signature of Attorney other Originator requesting service on behalf of:
*Tanisha Payne by Yvette Ramos*
☒ PLAINTIFF
☐ DEFENDANT
TELEPHONE NUMBER: 718-254-6006
DATE: 8/19/22

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY -- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 53 | District to Serve No. 53 | Signature of Authorized USMS Deputy or Clerk | Date 08/24/22 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (complete only different than shown above)

Date / Time ☐ am ☐ pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including endeavors | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
| | | | | | $0.00 |

REMARKS: $1,000.00 deposited into AFF on
DSJ: 2017-CR-00155-3

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT* To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80

SLR:LDM:BGK
F. #2017R00410

RECEIVED
2019 JAN -4 P 2:29

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 28 2018 ★
BROOKLYN OFFICE

D|R

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

NICHOLAS FESTA,

          Defendant.

- - - - - - - - - - - - - - - - - X

PRELIMINARY ORDER OF
FORFEITURE

17-CR-155 (S-1) (DLI)

WHEREAS, on or about March 8, 2018, NICHOLAS FESTA (the "defendant"), entered a plea of guilty to Count One of the above-captioned Superseding Indictment charging a violation of 18 U.S.C. § 1962(d) and, admitted as racketeering acts his participation in extortionate extension and collection of credit as to John Doe #4 (as alleged in Racketeering Act Nineteen) and extortionate extension and collection of credit as to John Doe #13 (as alleged in Rackeeteering Act Twenty-Three); and

WHEREAS, pursuant to 18 U.S.C. § 1963(a), the defendant has consented to the entry of a forfeiture money judgment in the amount of five hundred thousand dollars and no cents ($500,000.00) (the "Forfeiture Money Judgment"), which represents monies that the defendant received in financing, extending and collecting extortionate debt, as: (a) any interest that the defendant acquired or maintained in violation of 18 U.S.C. § 1962; (b) any property that the defendant has any interest in, security of, claims against, or property or contractual rights of any kind affording a source of influence over the enterprise that the defendant established, operated, controlled, conducted and participated in the conduct of, in

Case 1:17-cr-00155-DLI   Document 249   Filed 03/28/18   Page 2 of 5 PageID #: 1618

violation of 18 U.S.C. § 1962; (c) any property that constitutes, or is derived from, any proceeds which the defendant obtained, directly or indirectly, from his racketeering activity, in violation of 18 U.S.C. § 1962; and/or (d) substistute assets in accordance with the provisions of 18 U.S.C. § 1963(m).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 1963(a) and 1963(m).

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to "United States Marshals Service" with the criminal docket number noted on the face of the check. The defendant shall cause said check(s) to be delivered by overnight delivery to Assistant United States Attorney Brendan G. King United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

3. The Forfeiture Money Judgment shall be paid as follows: (a) the defendant shall pay the sum of one hundred forty thousand dollars and zero cents ($140,000.00) towards the Forfeiture Money Judgment on or before the date of the defendant's sentencing (the "Initial Due Date"); and (b) the balance of the Forfeiture Money Judgment in the sum of three hundred and sixty thousand dollars ($360,000.00), shall be paid in monthly installments of one thousand dollars and zero cents ($1,000.00) commencing on the first day of the sixth (6) month following the defendant's release from incarceration (the

Case 1:17-cr-00155-DLI Document 249 Filed 03/28/18 Page 3 of 5 PageID #: 1610

"Final Due Date"), and on the first of each month thereafter until the Forfeiture Money Judgment is fully satisfied.

4. Upon entry of this Preliminary Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

5. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 18 U.S.C. § 1963(m).

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of

Case 1:17-cr-00155-DLI Document 249 Filed 03/28/18 Page 4 of 6 PageID #: 1620

limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due and shall survive bankruptcy.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: Brooklyn, New York
       March 27, 2018

SO ORDERED: *U.S.v. Nicholas Festa, 17Cr155 (S-1) (DLI)*

/s/ Dora L. Irizarry
_____
HONORABLE DORA L. IRIZARRY
CHIEF UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK